**MING JIE CHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 03–41218–ag.

United States Court of Appeals, Second Circuit.

June 21, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Kenneth Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, William R. Cowden, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ming Jie Cheng, a native and citizen of the People's Republic of China, petitions for review of the December 2003 decision of the BIA, affirming Immigration Judge ("IJ") Elizabeth Lamb's denial of his motion to reopen removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the agency has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Ke Zhen Zhao,* 265 F.3d at 90. Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Cheng argues that the BIA erred because the evidence he submitted was not required to establish eligibility for asylum before the IJ. Cheng claims that making the submission of new evidence an issue of "availability," prior to the initial grant of asylum by the IJ and the BIA vacating of that grant, is irrational and disingenuous. We disagree. Cheng was required, under the plain language of 8 C.F.R. § 1003.2(c)(1), to submit documents that were "not available and could not have been discovered or presented at the previous hearing." Because the BIA, in applying this regulation, did not err, much less "inexplicably depart[ ] from established policies" or otherwise "act[ ] in an arbitrary or capricious manner," *see Kaur,* 413 F.3d at 233–34, we are unable to conclude that the BIA abused its considerable discretion in denying Cheng's motion to reopen.

Cheng also argues that his prima facie eligibility for asylum is clear. Recently, we have emphasized that "[i]n the absence of solid support in the record for [a petitioner's] assertion that he will be subjected to forced sterilization, his fear is speculative at best." *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Even assuming that the affidavit from John Aird constituted new and material evidence, the BIA did not abuse it discretion in finding that the affidavit did not satisfy Cheng's burden of proof. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (holding that the BIA does not

abuse its discretion by addressing the Aird affidavit in summary fashion, given that it sees this affidavit in many cases).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).